UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACK E LEWIS, JR.,
     Plaintiff,

vs.                  Case No.: 3:23cv16861/MCR/ZCB

ROBERT C LEWIS,
     Defendant.
_____/

## **REPORT AND RECOMMENDATION**

    This is a *pro se* case filed by Plaintiff proceeding *in forma pauperis*. (Docs. 1, 5).  Presently before the Court is Plaintiff's first amended complaint.  (Doc. 26).  Because Plaintiff is proceeding *in forma pauperis*, the Court is statutorily required to review Plaintiff's amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune.  *See* 28 U.S.C. § 1915(e)(2) (governing *in forma pauperis* actions); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (recognizing that under the *in forma pauperis* statute, courts screen complaints prior to service to ensure they are not subject to dismissal).

1

For the reasons below, dismissal of Plaintiff's amended complaint is warranted.[1]

## I.    Background

Plaintiff (a Virginia resident) alleges that his brother Defendant Robert C. Lewis (a Florida resident) wrongfully executed their mother's probate estate.  Plaintiff believes that Defendant's power of attorney (POA) for their mother was invalid because, at age 88 and suffering from alleged mental health issues, their mother was "not capable of understanding what she was signing" when the POA was executed.  (*See* Doc. 26 at 5).  Plaintiff further contends that the sale of their mother's home (and all other real property that was disposed of using Defendant's POA) should be declared null and void.  (*Id.* at 6).  Plaintiff states he felt "ignored" with respect to decisions surrounding the disposal of his

---

[1] The Court previously provided Plaintiff with an opportunity to file an amended complaint after identifying deficiencies in his original complaint. (Doc. 16).  Because Plaintiff's amended complaint is also deficient, dismissal is appropriate.  *See generally Horn v. Est. of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (stating that the court should give a *pro se* plaintiff "at least one chance to amend before" the case is dismissed).

mother's estate. (*Id.* at 7). In terms of the relief sought, Plaintiff requests that the Court "appoint an executor to take charge and legally handle the estate and fraudulent POA." (*Id.* at 8).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court

3

is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III.   Discussion

**Plaintiff's amended complaint does not plausibly allege a claim for relief.**

Plaintiff's amended complaint should be dismissed because it fails to plausibly allege a claim for relief. The amended complaint cites no statute or legal rule that provides Plaintiff with a cause of action. (*See* Doc. 26). His statement of claims section states: "Plaintiff can only surmise that obtaining a POA from the mentally ill is illegal and must be in the hand of a court." (*Id.* at 7).[2] Although *pro se* complaints are to be

---

[2] Plaintiff appears to claim that he needs discovery in order to determine what legal claims he may have. (*See* Doc. 26 at 6, 8). But a plaintiff is not entitled to pre-suit discovery. As the Eleventh Circuit has explained:

liberally construed, it is not the Court's role to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  Nor is it the Court's role to "scrutinize [the plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support." *Richardson v. Route 1, Inc.*, No. 8:12-cv-2888, 2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013).

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff is required to provide "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Plaintiff has not met that standard here.  He has not identified any statute or legal rule that provides him with a cause of action against Defendant.  He merely alleges Defendant acted illegally, and he asks the Court to fix it.  Such an

---

"[I]n civil cases generally, a party is not entitled to discovery before an action is brought—indeed, he may not seek discovery until after he has not only filed a complaint, but a well-pleaded one." *United States v. Cuya*, 964 F.3d 969, 973 (11th Cir. 2020); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (stating that there is no "need for discovery" before "the filing of a well-pleaded complaint.  [Discovery] is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.").

"unadorned, the defendant-unlawfully-harmed-me accusation" is insufficient to state a plausible claim for relief. *Burch v. Wheat Street Towels*, 769 F. App'x 866, 867 (11th Cir. 2019) (affirming dismissal of *pro se* complaint that "identifies no legal cause of action against any individual defendant"). The Court has previously instructed Plaintiff that he needed to identify a statute or legal rule that provided him with a cause of action. (*See* Doc. 16). Yet he has failed to do so. Thus, dismissal is warranted.

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

(1)   Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii); and

(2) The Clerk of Court be directed to close this case.

At Pensacola, Florida this 12th day of January 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

6

## Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.